## GEORGE W. HAYES *vs.* JACOB WERNER.

While a negotiable note payable on demand is by statute dishonored at the end of four months if not paid, yet where such a note is on annual or semi-annual interest, it will be presumed, in the absence of evidence to the contrary, that the endorser made his endorsement with no expectation that demand of payment would be made at the end of four months, and therefore with a waiver of such demand.

The taking of security by the endorser at the time of the endorsement is not in itself a waiver of demand and notice, but it is evidence of it, and goes to fortify the presumption arising on the face of the note.

Where such an endorser afterwards promised to pay the note, not knowing at the time that demand had not been made, but with no reason to suppose that it had and in a state of indifference on the subject, it was held that, if not in itself a waiver of such demand, it was strong evidence of an intention at the time of the endorsement to waive demand, and went strongly to fortify the presumption arising on the face of the note.

ASSUMPSIT against the defendant as endorser of a promissory note; brought to the Superior Court in Fairfield County, and tried to the court, on the general issue, with notice. The following facts were found by the court:—

The plaintiff, on the 22d day of May, 1871, loaned the sum of $2,000 to C. M. Noble & Company, a copartnership consisting of C. M. Noble and William H. Noble, both of the town of Bridgeport, in Fairfield County, taking the following note therefor:—

"$2,000.    Bridgeport, May 22d, 1871.    On demand after date we promise to pay to the order of Jacob Werner two thousand dollars, with interest semi-annually, value received.

C. M. NOBLE & Co."

The note was endorsed by Werner the defendant, and David W. Sherwood.

At the time of the making of the loan and the giving of the note it was agreed between the plaintiff and the makers that it should be secured by the endorsement of the defendant and said Sherwood. And the plaintiff was at the same time informed by the makers that the defendant was amply secured for his endorsement by a mortgage made to him for that purpose, of certain real estate, by William H. Noble, and was at the same time shown by Noble the mortgage as it appeared on record in the office of the town clerk, and he made the loan believing that the defendant was secured for his endorsement by the mortgage.

The makers paid the interest on the note for the year ending May 22, 1872, and afterwards on the 8th day of June, 1872, became bankrupt, and were subsequently discharged from their debts under the provisions of the bankrupt act of the United States.

The plaintiff proved the note against their bankrupt estate and received a dividend thereon, which is endorsed on the note. He did not, within four months from the date of the note, demand payment of the same from the makers.

After the bankruptcy of the makers, in June, 1872, the plaintiff demanded payment of the note of the defendant, who then promised him that he would pay the same. This

promise was made by the defendant without any knowledge that no demand had been made upon the makers, but no notice of such demand had been given to him, and he had no reason to believe that any demand had been made, and did not care to know whether any demand had or not been made, for the reason that, in his view, it was immaterial as to his liability to pay the note.

The plaintiff offered evidence to prove the fact that the defendant, at the time of making the endorsement was, and to the time of bringing the suit continued to be, amply secured for his liability as endorser by a good and valid mortgage of real estate situated in Bridgeport, made by W. H. Noble to him before the endorsement. To this evidence the defendant objected.

The questions whether this evidence was admissible, and what judgment upon the facts found should be rendered, were reserved for the advice of this court.

*W. K. Seeley*, for the plaintiff.

1. The defendant, after the note became due, promised the plaintiff to pay it. This promise was a waiver of demand and notice. Our court has recently settled the law upon this subject in *Rhodes* v. *Seymour*, 36 Conn., 7. The Supreme Court of the United States has also adopted the same rule. *Sigerson* v. *Matthews*, 20 How., 500; *Yeager* v. *Farwell*, 13 Wall., 12. See also *Breed* v. *Hillhouse*, 7 Conn., 528; *Hopkins* v. *Liswell*, 12 Mass., 52; *Lundie* v. *Robertson*, 7 East, 231.

2. It was not necessary that the defendant should have known, when he made the promise, that no demand had been made upon the makers when the note fell due. The case of *Low* v. *Howard*, 11 Cush., 268, cited in the defendant's brief, has no foundation in sound legal reason nor in good sense. The defendant knew, when he made his promise, that the note had not been paid, and that no notice of demand and nonpayment had been given him. Whether demand had been made upon the makers or not was wholly immaterial to the defendant. He knew that he was discharged by want of

notice of non-payment, and the fact whether a fruitless demand had or not been made upon the makers could in no possible way affect him. The only logical, sensible and just rule is stated with admirable terseness in 2 Daniel on Neg. Instruments, § 1150, "that a distinct promise to pay, made after maturity, is conclusive evidence that there was due demand and notice, which the promisor is estopped to rebut." The fact that the decisions in the different states of this country are so variant from each other that it is impossible to find any principle upon which they are agreed, furnishes an excellent reason why our court should adhere to our rule.

3. The court finds that the defendant had no reason to believe that any demand had been made of the makers, and that he did not care to know. The promise of payment, made upon this state of facts, was as much a waiver of the demand as though he had positive knowledge of the fact that no demand was made.

4. The evidence offered to show that the defendant had received, at the time of endorsing, security for his endorsement, was admissible. By receiving security to meet the endorsement he waived both demand and notice of non-payment. *Prentiss* v. *Danielson*, 5 Conn., 180; *Bond* v. *Farnham*, 5 Mass., 170; *Tower* v. *Durell*, 9 id., 332; *Corney* v. *Da Costa*, 1 Esp., 302; *Barton* v. *Baker*, 1 Serg. & R., 334. The distinction between the case at bar and the case of *Holland* v. *Turner*, 10 Conn., 316, is, that in that case the security was taken after the endorsement, while in this case it was taken at the time of making the endorsement.

*H. S. Sanford* and *W. R. Shelton*, for the defendant.

Two distinct steps are necessary to fix the endorser of negotiable paper—demand on the maker at maturity, and notice of dishonor to the endorser in due season. These two steps are independent and equally indispensable. Neither can be omitted, though either or both may be *waived* in a proper manner. 2 Greenl. Ev., (13th ed.,) § 190. In *Backus* v. *Shepherd*, 11 Wend., 629, Judge Nelson declares that a waiver of notice will not amount to a waiver of

demand.   The converse follows of course, that a waiver of demand will not amount to a waiver of such notice.   This record discloses no notice of dishonor—no waiver of such notice.   It will not do for the plaintiff to say that the demand on the defendant, allied with his promise to pay the note, constitutes a waiver.   All authorities agree that there can be, by law, no valid waiver by a promise to pay, unless the endorser when he makes the promise has *full knowledge of the omission* which his waiver is claimed to cure.   But no such knowledge is shown in this finding.   It is not sufficient for the plaintiff to reply that the defendant must be presumed to have known that no notice of dishonor was given him. For this notice need not be personal.   It may be left at the domicile or at the place of business of the endorser where the parties to the paper all reside in the same city, as they did in this case, and be sufficient, though it never came to the knowledge of the endorser, as it easily might not.   The plaintiff has been grossly negligent.   When the four months expired, and the note matured, when it was his duty, if he wished to preserve his security, to make demand of the makers and on dishonor to give notice in due season to the defendant, he disregarded his obligations wholly.   The makers then were solvent.   He might have got his money of them.   Or after dishonor of the note, and after the defendant had been duly fixed, and had paid the note, the defendant could then have sued the makers and obtained payment.   But the plaintiff suffered the note to sleep until after the bankruptcy of the makers.   Then only when it was too late for the defendant to seek indemnity did he make demand of him and obtain from him a bare and naked promise to pay.   But the plaintiff grounds his case on the promise as constituting a waiver of demand and notice alike.   We have already pointed out the reasons why the promise is not a waiver of the notice of dishonor.   We now go further, and contend that it does not, within the settled rules of law, amount to a waiver of demand on the makers.   It lacks the vital element of *full* knowledge of that omission.   A waiver must rest in all cases on the ground of knowledge as its sole foundation.

One can waive nothing of which he is ignorant in fact.  By no proof or presumption was knowledge laid at the door of the defendant, of the fact that no demand had been made of the makers of this note at its maturity, and that they had dishonored it.  His belief, his wish, and his opinion, were all alike immaterial.  The sole point on which the whole pivots is the knowledge in fact of the defendant when he promised to pay.  All the rest is evidential and inferential.  The court finds no knowledge and imputes none.  The foundation of the waiver therefore utterly fails.  And so are all the authorities, ancient and modern.  Story on Bills, § 320; 1 Parsons Notes & Bills, 601; 2 Starkie Ev., 273; 2 Greenl. Ev., § 190; *Hoxie* v. *Home Ins. Co.*, 32 Conn., 21; *Creamer* v. *Perry*, 17 Pick., 332; *Low* v. *Howard*, 10 Cush., 159; *S. C.*, 11 id., 268; *Kelley* v. *Brown*, 5 Gray, 108; *Farrington* v. *Brown*, 7 N. Hamp., 271; *Edwards* v. *Tandy*, 36 id., 540; *Crain* v. *Colwell*, 8 Johns., 384; *Trimble* v. *Thorne*, 16 id., 152; *Sice* v. *Cunningham*, 1 Cow., 397; *Jones* v. *Savage*, 6 Wend., 658; *Backus* v. *Shipherd*, 11 id., 629; *Hunt* v. *Wadleigh*, 26 Maine, 271; *Thornton* v. *Wynn*, 12 Wheat., 183. The proof of security was clearly inadmissible within the case of *Holland* v. *Turner*, 10 Conn., 308.  Whatever innovation may have been made upon the rule recognized and confirmed in that case, it has never been departed from in Connecticut.  Being a Connecticut decision, directly in point, it would seem to give law to this case.  1 Parsons Notes & Bills, 571, 572, 574; *Prentiss* v. *Danielson*, 5 Conn., 175; *Seacord* v. *Miller*, 3 Kern., 55.

CARPENTER, J.   This is a suit by the indorsee against the indorser of a promissory note.  The note was payable on demand to the order of the defendant with interest payable semi-annually.  The defendant at the time of or before indorsing the note took security of the makers, which he now holds.  Payment of the note was not demanded of the makers at the expiration of four months, and no notice of non-payment was ever given to the defendant.  The makers subsequently became insolvent.  When demand was made of

the defendant, he, not knowing that payment had not been demanded of the makers, promised to pay the note. He also presented a claim against the bankrupt estate of the makers for the amount of the note.

The defence is, that the holder lost his claim against the indorser by neglecting to make demand of the makers at the expiration of four months, the time when demand notes fall due by the terms of the statute. The plaintiff claims that under the circumstances of the case no such demand was necessary.

Demand of the maker at maturity, and notice of non-payment to the indorser, are essential to the liability of the latter in cases of notes payable on demand, as well as in cases of notes payable on time. By our statute the time for making such demand is at the end of four months. After the expiration of four months, therefore, the liability of the defendant ceased, unless there was a waiver of demand and notice.

The note in terms was made payable "with interest semi-annually." That is an unmistakable indication that all parties contemplated and intended a loan for at least the period of six months, and that the note should continue for that length of time as security therefor. The defendant therefore could not have expected or intended that the note should be paid at the end of four months; and if not to be paid, then a demand of payment must have been an idle ceremony, which the law does not require. Indeed, if a demand had been made and payment enforced it would have defeated the manifest intention of the parties. By endorsing the note and delivering it to the plaintiff the defendant virtually agreed that demand need not be made at the time fixed by statute. Such an agreement is presumptively a waiver; and in the absence of any evidence to the contrary may reasonably be regarded as such. Not only is there no evidence to the contrary, but the facts appearing in the case strongly fortify this presumption.

The circumstance that the indorser took security is evidence to prove an intention to waive demand and notice. It is true this court held in *Holland* v. *Turner*, 10 Conn., 308,

that the taking of security by the indorser did not dispense with demand and notice. It is a little remarkable however that neither the court nor the counsel who argued that case refer to. the case of *Prentiss* v. *Danielson*, 5 Conn., 175, in which the court, by HOSMER, C. J., expressly says that "if an. indorser receives security to meet a particular indorsement, he waives a demand and notice in respect of that indorsement." In that case the maker had assigned all his property to the indorser, which distinguishes it from the case of *Holland* v. *Turner*. We think therefore that the law is as enunciated in the later case. But while security is not in itself a waiver, it may nevertheless be evidence of a waiver, and may be considered as a circumstance to be weighed in connection with other circumstances, from all of which an intention to waive may be inferred. In *Holland* v. *Turner* the security was taken after the indorsement, and the court held that the subsequent security did not change the character of the undertaking and convert a conditional contract into an absolute one. The court significantly asks, "Is there any reason why his subsequently having taken a security should deprive him of a right to which he was entitled when the indorsement was made?" In this case the security was previously taken and was an existing fact when the indorsement was made. Now such security will not ordinarily change or qualify the legal contract of indorsement; but the fact that he has security shows that he had no occasion to insist upon demand and notice in order that he might secure himself upon the maturity of the note. It therefore supports the presumption of a waiver arising from the terms of the note.

One forcible reason suggested in *Holland* v. *Turner* is, that from the fact that no notice was given, the indorser would have a right to presume that the note was paid by the maker, and might thus be induced to part with his security. But that reason is without force in the present case, for it appears that he still retains the security. Moreover, assuming that he intended what the note fairly imports, that it should run six months or more, he could not have presumed from the absence of notice at the end of four months that his liability was discharged.

In view of the fact that he had such security when he indorsed the note and now retains it, we are unable to see that the demand contended for would have been of any real advantage to him. If so, there was no inducement for him to insist upon it, and a waiver will be more readily presumed.

In June, 1872, more than a year after the note was given, the defendant promised the plaintiff that he would pay it. Had the defendant then known that no demand was made such promise would have been a waiver of the plaintiff's laches and the promise would have been binding. The defendant did know that no notice was given, and that the note was not paid; but it is expressly found that he did not know that no demand was made. Upon these facts the law is so, if nothing else appears, that the promise to pay was not a waiver. But it is further found that "he had no reason to believe that any demand had been made of the makers, and he did not care to know whether any demand had or had not been made, for the reason that in his view it was immaterial as to his liability to pay the note whether any demand had been made of the makers by the plaintiff."

Thus it would seem that a demand was a matter of entire indifference to him. The subject seems to have been in his mind, but he regarded it of so little importance that he did not care to inquire whether there had been a demand, and promised payment without reference to the subject at all.

This indifference is nearly equivalent to knowledge. It is perhaps a fair inference from these facts that the promise would have been made as it was, even if he had known that no demand was made. If there was negligence he seemed willing to waive it and pay the demand. Now if there is any difficulty in regarding that as a present waiver, we think we may with propriety regard it as strong evidence of a previous waiver.

He did not care to know whether a demand had been made —in his view it was immaterial. Why? Because he was fully secured, because a demand would have been contrary to the intention of the parties, and because he had agreed that no demand need be made.

Hayes *v.* Werner.

Thus it will be seen that every act of this defendant from the first down to the time when he interposed this defense, indicates an intention to waive a demand.   The theory of a waiver is entirely consistent with justice and the equities of the case, and gives effect to the manifest intention of the parties, and we cannot see that it violates any legal principle.

We advise judgment for the plaintiff.

In this opinion the other judges concurred.