Yeager v. Berry.

JOSEPH YEAGER, Respondent, v. GEORGE R. BERRY, Appellant.

Kansas City Court of Appeals, February 5, 1900.

1. **Assault and Battery: AGGRESSOR: EVIDENCE: INSTRUCTION.** In an action for damages for assault and battery where the evidence tended to show mitigation and self-defense, it is improper to refuse an instruction directing the jury to consider previous threats and declarations of plaintiff together with his temper and expressions at the time of the difficulty; and the instruction refused in this case is not a comment on the evidence.

2. ———: **COMPENSATORY AND PUNITIVE DAMAGES: INSULTING WORDS: MITIGATION.** Words will not justify an assault nor mitigate compensatory damages; but matters of aggravation may be shown in mitigation of punitive damages.

3. ———: COMPENSATORY DAMAGES: INTENTION. One guilty of an unlawful assault can not escape the damage he inflicts on the plea of the lack of intention to do as much harm as he did.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*Johnson & Lucas* for appellant.

(1) The court erred in refusing to give instructions for defendant. Murphy v. Dott, 42 How. Prac. 31; 1 Am. and Eng. Ency. of Law [1 Ed.], 786; Gray v. McDonald, 28 Mo. App. 488; Nichols v. Winfrey, 79 Mo. 548. (2) The court erred in giving instructions for plaintiff. Morgan v. Durfee, 69 Mo. 476; Brownbach v. Frailey, 78 Ill. App. 262; State v. Palmer, 88 Mo. 572; Burke v. Melvin, 45 Conn. 243; Prentiss v. Shaw, 56 Maine, 427.

*Grant I. Rosenzweig* for respondent.

(1) It is proper to instruct that insults, etc., do not justify an assault. If defendant wishes an instruction that they do not mitigate, it is for defendant to ask for the same. Justification and mitigation are not the same things. 1 Waite's Actions and Defenses, 342; State v. Kaiser, 78 Mo. App. 575; State v. Rider, 90 Mo. 54; State v. Griffin, 87 Mo. 608; State v. Gamble, 119 Mo. 427; Murray v. Boyne, 42 Mo. 472. (2) The court will determine from the form of the verdict as compared with the instruction thereon whether or not the jury allowed punitive damages. Michael v. Matheis, 77 Mo. App. 556; Pope v. Ramsey, 78 Mo. App. 157. (3) Where one seizes or strikes another, it does not lie in the aggressor's mouth to say he inflicted greater injury than he intended. Brown v. Railroad, 66 Mo. 588. (4) It is only

necessary to instruct the jury upon disputed facts. Russell v. Ins. Co., 55 Mo. 585. (5) In injuries resulting from a voluntary act, like trespass, breaking, conversion, etc., the word intent is not a necessary element in an instruction, where compensatory damages only are concerned. Cooley on Torts [2 Ed.], 104, 99 and 101; 1 Addison on Torts [6 Ed.], p. 124; Brown v. Railroad, 66 Mo. 588; State v. Kaiser, 78 Mo. App. 575; Vawter v. Hultz, 112 Mo. 633; State v. Hultz, 106 Mo. 41; Green v. Stephens, 37 Mo. App. 641; Patzack v. Von Gerichten, 10 Mo. App. 424; West v. Forrest, 22 Mo. 344; Morgan v. Cox, 22 Mo. 373; Conway v. Reed, 66 Mo. 346.

ELLISON, J.—This is an action for assault and battery in which plaintiff recovered in the trial court.

The petition prayed for compensatory damages in the sum of $3,000; and for punitive damages in the sum of $2,000. The evidence for plaintiff tended to prove an aggravated assault. The evidence for defendant tended to show mitigating circumstances, and also tended to show self-defense—that he did not intend to injure plaintiff and only attempted to prevent plaintiff from assaulting him; that plaintiff had previously threatened him and at the time of the difficulty was abusive.

In this state of the evidence the court refused an instruction offered by defendant, which directed the jury, in passing on the question of whether plaintiff first assaulted, or attempted to assault, the defendant, they should consider previous threats, his temper and expressions at time of difficulty, as well as his declarations as to the cause of and his purpose in the difficulty, as well as all other facts and circumstances in the case. This instruction should have been given. These were matters pertaining to plaintiff's own conduct and bore directly on the question of who began the difficulty; and un-

der the evidence as developed were not a comment on testimony.

The court gave for plaintiff the following instruction:

"5. The jury is instructed that, under the law, no mere language or epithets applied by one man to another, however obscene, indecent or insulting, can justify either man in laying violent hands upon the other; therefore, even if the jury believe from the evidence that Yeager first used bad language toward Berry before Berry laid hands on Yeager (if the jury so find), still the use of such language by Yeager, if it occurred is no defense to Berry in this action."

While it is technically true that insulting words will not justify an assault, and true that they are not a defense to the action, yet they are effective in mitigation of any action which embraces a punishment. And such is the present case; for plaintiff has not only sought compensation, but he has also asked to have defendant punished by an award of exemplary damages. Clothed in the phraseology the instruction is, it could only be understood by the jury, in the absence of anything explanatory, as a direction to throw all matters of abuse and insults on plaintiff's part out of the case. But to do that would be an injustice in a suit where damages over and above compensation are sought by way of punishment.

Words of provocation and insult will not mitigate compensatory damages resulting from an assault. But a distinction exists in this respect between compensatory and punitive damages. In the latter, matters of aggravation not amounting to justification, may be shown in mitigation. Prentiss v. Shaw, 56 Maine, 427. It is a principle of justice existing in every mind that one should not be punished so extremely for an injury inflicted under strong provocation as he would be for the same injury wantonly inflicted without any circumstances of excuse or palliation. Burke v. Melvin, 45 Conn. 246.

Plaintiff insists that the verdict discloses that no punitive damages were allowed. But since the case is to be remanded for another trial it is of no importance to discuss such question.

Complaint is made of plaintiff's third instruction wherein the jury was told that if defendant made the assault by striking plaintiff in the face and by throwing him upon the floor, then he was liable in damages for all injuries inflicted, though he may not have intended them to be so serious as they turned out to be. We regard the instruction as proper. When one commits a wrong of the nature of an unlawful assault he can not escape the damage he inflicts on the plea of lack of intention to do as much harm as he did.

While there may have been some other instructions offered by defendant and refused which asserted correct propositions of law, yet those given in connection with those for plaintiff, with the exceptions which we have discussed, fairly presented the case to the jury.

The judgment will be reversed and cause remanded. All concur.