J. M. WALBRIDGE V. CHRISTIANN WALBRIDGE.

No. 16,111.

SYLLABUS BY THE COURT.

1. DAMAGES—*Motive of the Wrong-doer*—*Materiality.* In civil actions for damages the motive, design or intent of the defendant becomes material only where the act which occasions the injury is not unlawful or where it affects the amount of recovery.

2. ———— *Assault and Battery*—*Natural and Proximate Consequences.* In an action for damages for assault and battery the defendant is liable for all the natural and proximate consequences of his wrongful act, whether the consequences have been foreseen or the injuries are more serious than were intended.

Error from Jefferson district court; MARSHALL GEPHART, judge. Opinion filed July 3, 1909. Affirmed.

*D. H. Morse,* and *Henry Keeler,* for the plaintiff in error.

*H. T. Phinney, Oscar Raines,* and *Daniel L. Stanley,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: Christiann Walbridge sued J. M. Walbridge to recover damages for assault and battery. The petition alleged that he struck her a blow with his fist, which destroyed the sight of one of her eyes. The defendant's answer admitted that he struck the plaintiff, but claimed that she first assaulted him, and that he acted in self-defense and had no deliberate intention of doing her physical injury. The reply was a general denial.

The plaintiff's evidence tended to prove that the assault was made by the defendant, and was wanton and unprovoked, while his evidence tended to prove that the plaintiff was the aggressor. He testified that he had no intention of inflicting any permanent injury on

the plaintiff, and that he struck her solely to prevent her from assaulting him. The undisputed evidence is that the plaintiff suffered a permanent injury in the loss of an eye. The jury found in her favor, and gave her damages in the sum of $1000. A new trial was refused, and the defendant brings the case here for review.

The only error claimed is that the court refused to give certain instructions. In two-of them the court was asked to instruct that if the blow complained of was given in self-defense the defendant was not answerable for any unforeseen or unexpected damages resulting therefrom; in the other, that if the plaintiff by her misconduct contributed to bring about the assault, and the defendant used unnecessary force to defend himself but did not intend or foresee any possible injury to her eye, she would not be entitled to recover. The instructions given told the jury if they found from the evidence that the defendant acted in self-defense, believing from all the surrounding circumstances that the plaintiff was about to assault him, the verdict should be for the defendant.

It thus appears that the instructions given in regard to self-defense were more favorable to the defendant than those requested. He asked instructions based upon the theory that although he acted in self-defense he would still be liable for all damages except those which were unforeseen and unexpected. The court instructed the jury that if he acted in self-defense he was not liable for any damages. The court properly stated the law as it applies to a plea of self-defense in an action of this character, and the defendant has no cause to complain. The question is not what the defendant intended but what were the natural, proximate or probable consequences of his wrongful act. In civil actions for damages the intent of the defendant becomes material only where the act which occasions the injury is not unlawful or where it affects the amount

of recovery. (*Morris v. Platt,* 32 Conn. 75; *Brown v. Kendall,* 60 Mass. 292; *Paxton v. Boyer,* 67 Ill. 132.) The act of the defendant in assaulting the plaintiff was unlawful, and he is answerable for all injuries which are the natural or probable consequences of his act without regard to his intent. (*Sloan v. Edwards,* 61 Md. 89; *Vosburg v. Putney,* 80 Wis. 523; *Morgan et al. v. Kendall,* 124 Ind. 454; *Hodges v. Nance,* 1 Swan [Tenn.] 57; *Yeager v. Berry,* 82 Mo. App. 534.)

In *Sloan v. Edwards, supra,* which was an action for damages for assault and battery, it was said:

"It is a well-settled principle that the damages recoverable in actions for personal injuries must be the *natural and proximate consequence* of the act complained of. Therefore, whatever injurious consequences result naturally from the wrongful act done, become elements of damage, and it is not necessary that the particular form or nature of the results should have been contemplated or foreseen by the wrongdoer." (Page 99.)

The judgment is affirmed.