JARRETT I. UPTEGROVE, DEFENDANT IN ERROR, v. J. FRANK WALKER, PLAINTIFF IN ERROR.*

Kansas City Court of Appeals. June 11, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 730, p. 808, n. 91; Assault and Battery, 5CJ, section 47, p. 644, n. 68; Master and Servant, 39CJ, section 1487, p. 1292, n. 72; section 1590, p. 1359, n. 58; section 1600, p. 1366, n. 59.

*Forsee & Forsee* for defendant in error.

*J. B. McGilvray* and *George J. Grayston* for plaintiff in error.

ARNOLD, J.—Plaintiff charges he was assaulted by one W. E. Clark, on or about August 1, 1923, and brings this action to recover damages.

The facts as disclosed by the record are that J. Frank Walker, one of the defendants, owns an apartment building containing a number of apartments, located at the corner of Eighth street and Highland avenue in Kansas City, Missouri, known as Walker Place. He also owns another apartment building across the street, facing Eighth street, and known as Munford Court, but this building does not enter into this controversy farther than that the fact of such ownership appears in evidence in an attempt to show the financial resources of defendant Walker. At the time of the occurrence giving rise to this controversy, W. E. Clark, the other defendant, was employed by Walker and had been in his employ for a number of years. As such employee, his duties were to attend to the renting of the apartments, collect the rents, serve notices to vacate, subject to the approval of Mr. Walker, the necessity and time for serving such notices being left to the discretion of Clark.

Plaintiff, a retired railroad conductor, had been a tenant of Walker in Walker Place for approximately thirteen years, when the altercation in question took place. Plaintiff rented an apartment in the building and employed a housekeeper; and on the occasion in question he had such housekeeper in the person of one Mrs. Hittle who had a daughter, Frances Cooper. It further and unmistakably appears that there existed and for some time past had existed an enmity between plaintiff and said Clark. Walker maintained an office in the basement of said building, reached by steps leading down from an areaway, and Clark occupied the same room as his office.

On August 1, 1923, Miss Cooper saw Clark sitting outside the office and asked his permission to use the office telephone. As she passed Clark, he remarked, "I see you have got a new daddy." Her reply was, "O, nothing like that in my young life." After using the telephone she returned to plaintiff's apartment and told her mother of the occurrence, neither of them taking offense at Clark's remark. However, plaintiff heard the daughter relating the circumstance to her mother and became somewhat incensed at it. He went downstairs and demanded of Clark the meaning of the remark. There were some words on the part of plaintiff who was much excited and exercised. Clark arose and without replying went into his office in the basement. At this point there is a conflict in the testimony. Plaintiff testified that Clark repeatedly called him to come into his office, while Clark stated plaintiff came of his own accord. At any rate, plaintiff went and when he arrived there Clark gave him a slip of paper upon which was written a notice that at the proper time plaintiff would receive formal notice to vacate. Plaintiff took the paper into his hands, but did not read it as he did not have with him his spectacles, tore the same in two and threw it upon the floor. There is testimony that plaintiff called Clark a "s— of a b—" and stated

that Mr. Walker would have something to say about the matter—Walker being out of the city at the time. Clark told plaintiff to leave the office which plaintiff refused to do, whereupon Clark undertook to put him out. There was a physical encounter; plaintiff asserts Clark struck him, knocked him down and kicked him in the side and other places until a disinterested and unidentified bystander forced Clark to desist. Clark testified that while plaintiff was down he (plaintiff) kicked Clark in the groin and privates, struck and grabbed him and tore his shirt from him.

The two versions of the affair are directly contradictory and we shall not attempt to state the true facts. It is plaintiff's version that Clark struck him and knocked him down, while Clark insists plaintiff struck at him, missed his aim, became overbalanced and fell. It appears that after defendant Walker returned to the city, the matter of notice to vacate was taken up with him by both plaintiff and Clark. Walker sanctioned the action of Clark in giving notice to plaintiff to vacate. However, Walker suggested that Mrs. Hittle rent the apartment and allow plaintiff to board with her. This plan was adopted and plaintiff remained as a boarder of Mrs. Hittle for some months thereafter.

Suit was instituted against both Clark and Walker to recover $5000 actual and $5000 punitive damages. The petition alleges Clark was the agent of Walker in the management of the building owned by Walker; that on or about August 1, 1923, Clark, while acting in the line of his service and employment as the agent of Walker, and while acting as such agent, in serving upon plaintiff a notice to vacate the apartment plaintiff had been occupying "wilfully, maliciously and without any cause, assaulted, beat and wounded plaintiff." That by reason thereof plaintiff's entire body and nervous system have been seriously and permanently injured.

Defendants filed separate answers, consisting of general denials. The cause was tried to a jury and verdict and judgment were against both defendants in the sum of $250 actual and $1000 punitive damages. A motion for a new trial was overruled and defendants appealed. Thereafter the appeal was dismissed and the cause is here on a writ of error.

Before proceeding to review the appeal on its merits it is necessary to dispose of two motions filed since the cause was docketed in this court. Defendants file a motion to strike from the record plaintiff's supplemental abstract wherein the following question and answer thereto of defendant Clark are omitted from the bill of exceptions:

"Q. Have you any property in the city or elsewhere? A. No sir."

Defendants ask that this be stricken out because the same is not contained in the original bill of exceptions filed in the court, and because said question and answer were not read to the jury.

In this connection defendants ask that this court issue an order commanding the clerk of the circuit court of Jackson county, Missouri, to certify a transcript of the original bill of exceptions, including the part thereof pertaining to the deposition of W. E. Clark. It will be noted that defendants base their objections to plaintiff's supplemental abstract of the record as above indicated, upon the ground that "the same is not contained within the original bill of exceptions filed in said cause, nor were the questions and answers read to the jury."

As we view the case it is not necessary for us to decide this controversy between the parties. But, assuming there was in fact no evidence as to the financial standing of Clark, he, only, can complain that no such evidence was introduced; and, of course, he cannot complain that he did not preserve the point at the trial. He did not object to the testimony as to the wealth of his codefendant which he now urges was improperly admitted; nor did he preserve the point by offering an instruction upon it or in any other manner. This being so, he is not now in a position to urge this point.

Another point urged is that the court erred in refusing defendant Walker's instruction in the nature of a demurrer at the close of plaintiff's case, and again at the close of all the evidence. The basis of this charge is that Walker is not liable unless, at the time of the alleged assault, Clark was acting in the performance of his master's duty, citing: Grattan v. Suedmeyer et al., 144 Mo. App. 719, 129 S. W. 1038; Sturgis v. Railways Co., 228 S. W. 861, 865; Creely v. Telephone Co., 84 Kans. 19; Whiteaker v. Ry. Co., 252 Mo. 438, 160 S. W. 1009. A case in point holding contrary to defendant's position is Hisson v. Morris et al., 298 S. W. 254, an opinion by this court. The rulings in the cases cited by defendant are to the effect that unless it be shown that when the assault was committed the servant was in the actual performance of the master's work, the master is not liable. In the application of the rule to the facts of the case at bar we must assume that Clark was not in the performance of his master's work when he assaulted plaintiff. Such an assumption is not justified under the facts here presented. While it appears in evidence that there was some friction of long standing between plaintiff and Clark and that some remarks passed between them over the remark Clark made to Miss Cooper, yet there is evidence from which the jury might reasonably infer the assault was precipitated by Clark's attempt to serve plaintiff with notice to vacate the apartment. Defendant Walker testified that Clark was authorized to serve such notices and that the necessity therefor and the time of service were matters within the discretion of Clark. In the light of this testimony it cannot be denied the jury were warranted in finding Clark was the agent of Walker and that he was in the line of his duty at the time the alleged assault was committed.

We held in Noland v. Morris & Co., 248 S. W. 627, 630, the question as to whether or not the servant is acting within the scope of his employment is for the jury. It is well settled that the master is liable for the torts of his servants committed within the scope of his employment, even though the servant had an ulterior and malicious motive. [Noland case, supra.] In the same case we held, in effect that the facts of a given case, in view of the circumstances in evidence, including the character of the employment and the nature of the alleged wrongful act, must determine whether the servant, in fact, was within the scope of his employment; that, whether the act of the servant hindered or obstructed the master's business, rather than aided or assisted it, is immaterial in determining whether or not the act was within the scope of the servant's employment. In Flynn v. Burgess, 259 S. W. 147, we held that, in general, the master is liable for the torts of his servant where such acts are incidental to, or in furtherance of, the master's business; and this is true even though the servant, acting in excess of his authority, wilfully and maliciously commits the tort. We find nothing in defendant's citations to the contrary.

It is charged the court erred in giving plaintiff's Instruction 2, as follows:

"The court instructs the jury that no language plaintiff may have addressed to defendant Clark, however insulting or opprobrious, justified or excused said defendant in assaulting plaintiff, if you find that he did assault him."

Defendants, for support in this respect, lean heavily on the ruling of this court in Yeager v. Berry, 82 Mo. App. 534. The instruction in the Yeager case is readily distinguishable from the one at bar. There the words "no defense" were used. The distinction is obvious. The instruction herein fully declares the law.

It is urged the court erred in refusing to give defendant's instruction "F" which sought to tell the jury that even though Clark was authorized to serve notice to vacate and that he did serve such notice, yet, if the jury further found from the evidence that such notice was served during a personal altercation between plaintiff and Clark, and that plaintiff used insulting language toward Clark and so provoked Clark to exercise his authority by giving such notice, defendant Walker could not be held responsible for any assault committed by Clark, following the giving of such notice. Defendants' instruction "G" which was given by the court properly submits to the jury the law in this respect, as follows:

"The court instructs the jury that even though you may find and believe from the evidence that defendant Clark did have authority from defendant Walker to serve a notice to vacate upon the plaintiff, and did serve notice, and that immediately thereafter an altercation arose between plaintiff and defendant Clark, and defendant Clark

did assault the plaintiff; yet, if you further find and believe from the evidence that such altercation and assault, if any, arose out of the personal feelings of the defendant Clark and plaintiff toward each other, rather than out of the serving of the notice to vacate, then your verdict should be in favor of the defendant Walker."

There was no error in refusing instruction "F." This ruling is not contrary to the holding of the Supreme Court in Haehl v. Railroad, 119 Mo. 325, 24 S. W. 737; Whiteaker v. Ry. Co., 252 Mo. 438, 160 S. W. 1009.

We fail to find reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.