IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

May 6, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| GILES E. ROBERSON and wife | ) | RHEA COUNTY |
| HAZEL B. ROBERSON | ) | 03A01-9509-CH-00299 |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. JEFFREY F. STEWART, |
| | ) | CHANCELLOR |
| | ) | |
| MARY MARGARET (DARWIN) | ) | |
| WASSON and PUG MARTIN, | ) | |
| Individually, and d/b/a | ) | |
| CENTURY 21 PUG MARTIN REALTY | ) | |
| and STEPHEN N. SNYDER and | ) | |
| wife, BARBARA L. SNYDER | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |

HOWARD L. UPCHURCH OF PIKEVILLE FOR APPELLANTS

MATHEW D. BROWNFIELD and JOHN R. ANDERSON OF CHATTANOOGA FOR
APPELLEES STEPHEN N. SNYDER and wife BARBARA L. SNYDER

O P I N I O N

Goddard, P.J.

This suit was filed by Plaintiffs Giles E. Roberson and
his wife Hazel B. Roberson against Defendants Mary Margaret

(Darwin) Wasson and Pug Martin,[1] individually, and d/b/a Century 21 Pug Martin Realty. The Plaintiffs sought to have the Court declare that a strip of land approximately 18 feet in width, titled in the name of Mrs. Wasson, which lay between two separate tracts owned by them (see appendix) "to have been abandoned and to be non-existent." The complaint was later amended to advance the theory of adverse possession, and still later to add as parties Defendant Stephen N. Snyder and wife Barbara L. Snyder, who had purchased the property from Mrs. Wasson.

The Trial Court granted a summary judgment in favor of the Defendants as to the adverse possession theory and at the conclusion of the Plaintiffs' proof sustained the Defendants' motion to grant a judgment in their favor, which at that point was predicated only upon the abandonment theory.

The Plaintiffs appeal insisting that the Trial Court was in error in granting summary judgment because there is a dispute of material facts, and in later dismissing their suit because the evidence preponderates against his findings.

As to the issues raised, we are dealing with two separate standards of review. In reviewing the action of the Trial Court in granting summary judgment, we are required to take the strongest legitimate view of all the evidence in favor of the

---

[1] Mrs. Wasson contracted with Ms. Martin to sell her property.

2

non-moving parties and to indulge all reasonable inferences in their favor. Byrd v. Hall, 847 S.W.2d 208 (Tenn.1993).

The Supreme Court, in City of Columbia v. C.F.W. Const. Co., 557 S.W.2d 734, 740 (Tenn.1977), articulates the standard to be used in non-jury cases for dismissal at the conclusion of the plaintiff's proof, which we equate with a motion for judgment in declaratory judgment cases, and distinguishes that standard from the one to be used in jury cases:

Motions for dismissal in non-jury cases under Rule 41.02(2), Tennessee Rules of Civil Procedure, and motions for directed verdicts in jury cases under Rule 50, Tennessee Rules of Civil Procedure, are somewhat similar, but, there is a fundamental difference between the two motions, in that, in the jury case, the judge is not the trier of facts while in the non-jury case he is the trier of the facts. In the jury case he must consider the evidence most favorably for the plaintiff, allow all reasonable inferences in plaintiff's favor and disregard all counteracting evidence, and, so considered, if there is any material evidence to support a verdict for plaintiff, he must deny the motion. But in the non-jury case, when a motion to dismiss is made at the close of plaintiff's case under Rule 41.02(2), the trial judge must impartially weigh and evaluate the evidence in the same manner as though he were making findings of fact at the conclusion of all of the evidence for both parties, determine the facts of the case, apply the law to those facts, and, if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits, or, the trial judge, in his discretion, may decline to render judgment until the close of all the evidence. The action should be dismissed if on the facts found and the applicable law the plaintiff has shown no right to relief.

The Trial Court, in granting a summary judgment as to the theory of adverse possession, stated the following:

3

The Court is of the opinion that a partial Summary Judgment should be granted in favor of the Defendant, Stephen N. and Barbara Snyder on the issue of adverse possession. The issue of adverse possession would require the Plaintiffs to establish that over the years they have by open, hostile and notorious use of the property in question possessed it to the exclusion of the rightful owner. The Plaintiffs cannot assert as a matter of law to have color of title to the strip of land in question. Their deed specifically referred to their property lines being bounded by a "private lane" which is also the strip of land in question in this case. Further, the Defendants and their predecessors-in-title through the various deeds of conveyance, granted the use of said strip of land to the Plaintiffs and their predecessors-in-title. This grant of the use of this strip of land to the Plaintiffs and their predecessor-in-title would defeat a claim to adverse possession in and of itself. None of the grants allowing the use in anyway places a restriction on the use, other than to say it cannot be an exclusive use and the strip of land is there for the benefit of the Plaintiff and other land owners serviced by the strip of land.

No evidence was introduced by the Plaintiffs to contradict the Trial Court's findings of fact, which are supported by evidence introduced by the Defendants.

After a hearing as to the abandonment theory, the Trial Court granted the Defendants' motion for judgment at the conclusion of the Plaintiffs' proof because it "had not risen to the standard that is required by clear or convincing proof of an abandonment." This standard was mandated by Cottrell v. Daniel, 30 Tenn. App. 339, 205 S.W.2d 973 (1947), wherein this Court, quoting from a Supreme Court case, stated, "there must be some clear and unmistakable affirmative act indicating a purpose to repudiate the ownership."

4

Our review of the record persuades us that--as to both the Trial Court's actions (granting a summary judgment as to the adverse possession theory; granting the Defendants judgment as to the abandonment theory)--this is an appropriate case for affirmance under Rule 10(a) of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against the Robersons and their surety.

_____
Houston M Goddard, P.J.

5

CONCUR:

_____
Herschel P. Franks, J.


_____
Clifford E. Sanders, Sp.J.