COONTZ v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Division Two, May 16, 1893.

1. **Negligence**: PERSONAL INJURY: LOSS OF EARNINGS. Evidence of plaintiff's loss of earnings is inadmissible against defendant's objection in an action for personal injuries, in the absence of its special averment as an element of damages.

2. ———: ———: ———. An allegation that the plaintiff has been permanently disabled from labor is insufficient to permit proof of such loss of earnings.

3. ———: DEFECTIVE MACHINERY: INSTRUCTIONS. Instructions in an action for personal injuries charged to have been caused by defective machinery furnished to plaintiff by defendant for use in the latter's service should be confined to the instrumentalities which caused the injury.

4. CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. The contributory negligence of the plaintiff in using the machinery after knowing its defective condition was a question for the jury.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

The instruction referred to in the opinion on the measure of damages is as follows: "If the jury under the evidence and instruction of the court, find in favor of the plaintiff, they should assess his damages at such a sum as they believe from the evidence will be a fair compensation to him. *First*, for any pain of body or mind. *Second*, for any loss or damage by reason of disability to labor. *Third*, for any physical maiming or crippling apart from pain of body or mind, and apart from loss from disability to labor. *Fourth*, for any expenses necessarily incurred for medical attention

which the jury may believe from the evidence the plaintiff has sustained or will sustain by reason of said injury and necessarily caused thereby, not exceeding $20,000."

*H. S. Priest* and *Wm. S. Shirk* for appellant.

(1) Plaintiff as conductor of the "pusher" engine, and Leathers the engineer thereof, were fellow-servants, and if the engineer's negligence was the proximate cause of the accident, and the consequent injury to plaintiff, he cannot recover.   It follows that the instructions prayed by the defendant and refused by the court should have been given.   McKinney on Fellow-Servants, p. 282; *Ragsdale v. Railroad*, 62 Tenn. 426; *Railroad v. Martin*, 17 American and English Railway Cases, 592; *McDonald v. Railroad*, 18 N. Y. S. (Sup.) Rep. 609; *Dodge v. Railroad*, 29 N. E. Rep. 1086; *Higgins v. Railroad*, 104 Mo. 413; *Sherrin v. Railroad*, 103 Mo. 378.   (2) The petition contains no allegation of a loss of earnings, as a consequence of the injury received.   It was therefore error for the trial court to admit evidence, against defendant's specific objection, that plaintiff's salary, at the time he was injured, was $75 per month, and that during the twenty-five months that intervened between the injury and the trial, he had earned nothing.   *Mellor v. Railroad*, 105 Mo. 455, on pages 462 and 464 and authorites cited and page 470.   (3) Plaintiff's instruction given improperly defines the measure of damages.   It in effect directs the jury to compensate plaintiff for any maiming or crippling apart from pain of body and mind; and next to compensate him for any pain of body or mind.   This is equivalent to instructing the jury to compensate the plaintiff for mental pain, whether the same resulted from his physical injuries or not.   Such is not

the law. Sedgwick on Damages [8 Ed.] sec. 44, and authorities cited; *Russell v. Tel. Co.*, 3 Dak. 315; *Burnett v. Tel. Co.*, 39 Mo. App. 599; *loc. cit.* p. 610. (4) It is error to give an instruction which enlarges the issues or which is broader than the issues. *Waddingham v. Hulett*, 92 Mo. 528; *Gessley v. Railroad*, 26 Mo. App. 156; *Hasset v. Rust*, 64 Mo. 325; *Abbott v. Railroad*, 83 Mo. 273; *Taylor v. Railroad*, 28 Mo. App. 552; *Bank v. Murdock*, 62 Mo. 70. (5) There is no negligence shown. The only evidence of any negligence on defendant's behalf, or any of its employes, is the mere fact that the accident occurred. This is not sufficient evidence of negligence. *Elliott v. Railroad*, 67 Mo. 272; *Murphy v. Railroad*, 71 Mo. 202; *Huffman v. Railroad*, 78 Mo. 54; *Gutridge v. Railroad*, 94 Mo. 468; *Railroad v. Hughes*, 119 Pa. St. 301.

*A. R. Taylor* for respondent.

(1) The evidence strongly sustains the verdict, as shown above. It is a duty owed by the master to the servant to use ordinary care to provide his servant with appliances reasonably suitable and safe for the servant to work with in the discharge of the duties of his employment, and also to use such care to keep such appliances in repair. This is a duty which the law raises by virtue of the contract of employment, and has not been questioned by any enlightened judicial tribunal of late years. Wood's Master and Servant [Ed. 1877] sec. 329, p. 687; *Railroad v. Herbert*, 116 U. S. 648. (2) This duty of the master to use such care to provide his servant with suitable appliances, and to keep the same in repair, is an absolute duty; and to whomsoever the master delegates the performance of such duty, such delegate is the vice-principal of

the master in the performance of said duty, or in omitting to perform said duty. *Railroad v. Herbert*, 116 U. S. 648; *Flike v. Railroad*, 53 N. Y. 549; *Corcoran v. Holbrook*, 59 N. Y. 517; *Fuller v. Jewett*, 80 N. Y. 46; *Pantzer v. Iron Co.*, 99 N. Y. 368; *Ford v. Railroad*, 110 Mass. 240; *Shanny v. Mill Co.*, 66 Me. 420; *Bessex v. Railroad*, 45 Wis. 477. (3) There was no error in admitting, under the allegations of the petition, evidence as to the damages sustained by plaintiff by reason of the disability to labor caused by the injury; the petition specifically charges his permanent disability to labor. as one of the elements of damages.

BURGESS, J.—This is an action for personal injuries. The plaintiff was, at the time of the accident, an employe of defendant and in discharge of his duties as a conductor of an engine used as a pusher.

The negligence complained of on the part of defendant, which is alleged to have been the cause of the accident and consequent injury, is, "that at the time of said injury, said engine and tender were greatly worn and in a dangerous and defective condition; that the wheel or truck of the tender was worn out and defective and crooked, and the material of said wheel had sand holes in it, thereby weakening it and making it defective and insufficient for the use to which defendant was applying it. And the coupling apparatus of said engine and tender was worn out and defective and insufficient for the purpose to which defendant was applying it; that by reason of said defects and insufficiencies of said engine and tender, * * * the wheel of said tender was caused to break and said engine and tender to be derailed and plaintiff to be injured, and that defendant knew or might have known by the exercise of reasonable and ordinary care the unsafe condition of said engine and tender."

The answer was a general denial and contributory negligence by plaintiff.

The evidence shows that the accident occurred on the fifteenth day of November, 1888. At the time plaintiff was on duty as conductor of the engine and tender that caused the injury, he had been at work on the engine fifteen to eighteen months, except while it was in the shops being repaired. The work of the engine was to push trains up the grade from Pacific to Gray's Summit, and from Labadie to Gray's Summit, and to do yard work at Pacific, at Marshall's switch and at Hunt's switch.

Plaintiff's duties were to oversee switching, keep account of the cars handled and receive orders from the train dispatcher. He was hurt by being thrown to the ground. His hip was broken, and his leg was, at the time of the trial, December 11, 1890, from two and a quarter to two and one half inches shorter than it was before the injury. Against defendant's objections plaintiff was permitted to testify that he had been earning, up to the time he was hurt, $75 per month, and that he had earned nothing since that time.

Plaintiff paid out $50 for doctor's bill, was confined to his bed about ten weeks and was unable to do any manual labor. There was a verdict and judgment for plaintiff for $6,500.

A motion for new trial was filed by defendant, overruled by the court and the case is here by appeal.

1. The cause of action in this case, being bottomed as it is, on the ground of negligence of defendant in failing to furnish plaintiff a reasonably safe engine and tender, and not because of the negligence of its employe, there is no question as to fellow-servants in it, and that matter will not be discussed in this opinion.

2. During the trial plaintiff, who was a witness in his own behalf was allowed to state to the jury over the

objection of defendant, what his earnings were before he sustained the injury, and he fixed them at $75 per month.    This is assigned as error, and as being prejudicial to the defendant.    The only allegation in the petition which has any relation whatever to the loss of services, is that he "has been permanently disabled from labor."    The same question was before this court for adjudication in the case of *Mellor v. Railroad*, 105 Mo. 455, and it was held that "loss of earnings is a kind of injury which is not regarded as a necessary consequence of such acts as are complained of here, and therefore, is not embraced within the plaintiff's general allegations of damages.    It is one sort of special damages and consequently must in some wise be counted upon to constitute a basis for evidence on the subject."

There is no allegation in the petition under which this evidence was permissible and the court should have sustained the objection thereto.    In the case of *Mellor v. Railroad, supra,* the allegation in the petition was that the plaintiff was "permanently crippled, disfigured and disabled," and there is no apparent difference with respect to these allegations in the petition in that case and the one at bar.

Where the damages are directly connected with, and incident to the injury, the general allegation that the party suing has been injured by reason of the wrongful act of defendant, stating how injured and when and where it occurred, is all that is necesssry in order to permit proof of such injuries, but when special damages are claimed, as for loss of services and medical bills, in order to permit the introduction of evidence in regard thereto, it must be alleged in the petition. It was held in the case of *Pinney v. Berry*, 61 Mo. 366, that:    "It might be sufficient to specify the main fact, but if it is attempted to specify particularly the injuries

resulting from the principal one, all that are designed to be proved should be stated." It is unlike pain and suffering, which necessarily ensues from the injury.

3. Defendant's objection to plaintiff's instruction with reference to the measure of damages does not seem to be well taken. Nor do we think that we would be justifiable in reversing the case for the other objections urged against it. It is however subject to verbal criticism, and upon a retrial we would suggest that the instruction be confined to the coupling apparatus of the engine and tender, and the car wheel, which it is alleged in the petition caused the accident.

The question as to whether or not defendant knew of the condition of the coupling apparatus of the engine and tender, or that the car wheel at the time of and before the injury was unsafe, or might have been discovered so to be by the exercise of ordinary diligence was fairly submitted to the jury under the instruction of the court, and we cannot say that there was an absolute want of evidence upon which to predicate it. If plaintiff knew of the defects complained of, that in consequence thereof the engine and tender were unsafe, and notwithstanding that fact continued in the service of defendant, and was injured by reason of such defects, then he was guilty of contributory negligence and was not under the facts in this case entitled to recover damages from the defendant. But these were all questions solely for the consideration of the jury.

For the error of the court as herein indicated, the cause will be reversed and remanded for a new trial, and it is so ordered. All concur.