WILLIAM STOETZLE, Respondent, v. MARTHA SWERINGEN, Appellant.

·St. Louis Court of Appeals, November 25, 1902.

1. **Personal Injury**: LOSS OF EARNINGS: LOSS OF TIME. There is no distinction between loss of earnings and loss of time caused by a personal injury in respect to the necessity of making proof as to the value of the time lost if plaintiff recovers for that item.

2. **Instruction**: DAMAGES: TESTIMONY: ERROR. It is error to submit an instruction to a jury directing them to award damages for plaintiff's loss of time if they find the issues in his favor, if no testimony as to the value of plaintiff's time was introduced.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

REVERSED AND REMANDED.

*Thos. A. Russell* and *H. Chouteau Dyer* for appellants.

(1)   In O'Brein v. Loomis, 43 Mo. App. 29, the rule is stated by Judge THOMPSON, p. 40, thus: "The element of damage included in one of the instructions was 'any loss of earnings.' It is conceded there was no evidence tending to show what plaintiff's earning capacity was. . . . The giving of this instruction was therefore error." Culberson v. Railroad, 50 Mo. App. 556; Smith v. Railroad, 108 Mo. 251; Winter v. Railroad, 74 Iowa 448.  (2)   The instruction on the measure of damages also directed the jury to find for plaintiff for "any loss of time which was caused him by reason of such injuries." As plaintiff's earning power is an element in fixing compensation for loss of time and there was no testimony as to his earning capacity, this left the jury to fix any price for this time

they saw fit and was therefore erroneous. Mammer-berg v. Railroad, 62 Mo. App. 563.

*Rassieur & Rassieur* for respondent.

(1) Where a coal-hole has been constructed in the sidewalk, the owner must exercise reasonable care to keep the cover in safe condition. If the cover is in a safe condition when he leases the premises, then the landlord is not liable for injuries occurring during the occupancy of the lessee. (2) But if at the time of the leasing, the cover was in an insecure and defective condition, and the owner knew of it, or by the exercise of ordinary care, might have discovered it, then the landlord is liable, notwithstanding the lease. Stoetzle v. Sweringen, 90 Mo. App. 588.

GOODE, J.—This case was here on a former appeal and we adhere to what we said in the opinion then delivered, namely; that there was evidence to go to the jury as to whether the defendant had leased the premises, in front of which plaintiff was injured by falling into a coal-hole, to Saunders shortly before the accident, whether the cover to the coal-hole was then in reasonably good repair and whether defendant knew, or by the exercise of ordinary care might have known it was out of repair, if in fact it was.

We think, too, the petition states a cause of action for negligence.

Only one question is presented on this appeal which requires comment: the instruction given on the measure of damages told the jury if they found the issues in favor of the plaintiff they should allow him damages, among other things, "for any loss of time which was caused to him by reason of such injury."

It is conceded no proof was made of the value of plaintiff's time—what his earnings or the profits of his business were. Neither is there any allegation in the

petition counting on loss of time as an element of damages.

The books are replete with cases in which judgments were reversed on account of carelessness in submitting instructions allowing juries to give damages for loss of time or earnings without putting in any proof from which they might estimate the damages sustained in that way. This practice has been repeatedly condemned by the courts, but it seems to be persisted in nevertheless. In commenting on a similar omission, the Supreme Court, in Smith v. Railway, 108 Mo. loc. cit. 251, said:

"If the parties will overlook evidence of expenses incurred and yet include such expenses in the elements of damages to be allowed, they must be prepared for a reversal of the judgment."

It was ruled in Slaughter v. Railway, 116 Mo. 269, that a general allegation of damages is not sufficient to authorize a recovery for loss of time, but that there must be a special averment as to that loss supported by proof, or a verdict taking said element of damages into consideration can not be upheld. To the same effect are Mellor v. Railway, 105 Mo. 455; Coontz v. Railway, 115 Mo. 669; Mammerberg v. Railway, 67 Mo. App. (K. C.) 563; Griveaud v. Railway, 33 Mo. App. (St. L.) 458; Haworth v. Railway, 68 S. W. 111 (St. L. Ct. App.).

Respondent attempts to distinguish between loss of earnings and loss of time, saying special proof of what a plaintiff's earnings are is required as a basis for an instruction on damages because of their loss, but that loss of time may be recovered for without any proof of the value of the time lost. This distinction has no logical basis and was considered and denied in Slaughter v. Railway, supra.

For the error in the instruction on the measure of damages, the judgment must be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* and *Barclay, J.,* concur.