FRIEDMAN v. HORN (two cases).

(Supreme Court, Appellate Term.   June 6, 1907.)

DAMAGES—INJURIES TO WIFE—ACTION BY HUSBAND—EVIDENCE.

Where, in an action by a husband for expenses for medical attendance for his wife and for loss of services in consequence of a personal injury sustained by the wife, there was no evidence of the value of the loss of services, and the testimony showed the value of medical attendance at a specified sum, the verdict should be limited to the specified sum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 503–509.]

Appeals from Municipal Court, Borough of Manhattan, Fifth District.

Actions by Jennie Friedman and by Jacob Friedman against Max Horn. From judgments in favor of plaintiffs, defendant in each action appeals. Affirmed in action by Jennie Friedman, and modified and affirmed in action by Jacob Friedman.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Samuel D. Lasky, for appellant.

Morris Cukor, for respondents.

GOFF, J.   The building No. 25 Willett street was used for workshops and synagogues.   About 3,000 people each day passed up and down the stairways.   The treads of these stairways were not covered, and consisted of ordinary yellow pine boards.   For two or three months preceding the accident the top step of the first flight of stairs was in a hollowed, slippery condition from use and wear.   Part of the edge of the step was worn off from the same causes.   About 7 o'clock in the evening plaintiff Jennie Friedman, a workhand on one of the floors, was descending the stairs.  There was no light, and she slipped on this worn step, and fell down the flight, and sustained certain injuries.   All the questions arising on the evidence were of fact.   They were submitted to the justice, and he found for the plaintiff, assessing her damages at $250.   It appears from the record that the justice wisely and justly exercised discretion, and the judgment should be affirmed.

Jacob Friedman, the husband, sued by separate action for loss of services and expenses incurred because of his wife's injuries.   Both actions were tried together.   The justice found for plaintiff in the sum of $150.   The only two items given were medical attendance and housework during the wife's incapacity.   The doctor swore his services were worth $50.   The testimony regarding the housework was exceedingly vague and indefinite, and not of such probative force or accuracy as to warrant the adoption of any measure of compensation. Besides, it appeared that the wife "went out" working as a "finisher." While she was working, the husband, a tailor, remained at home, and when he "went out" working the wife remained at home.   Before the accident she had employed a woman to do housework for her. There is not a word of positive testimony that the husband paid or

incurred $1 for this housework. The only sum definitely named is for the doctor's services.

The judgment in favor of Jacob Friedman should be modified, by reducing the same to $50, and, as so modified, affirmed, without costs. The judgment in favor of Jennie Friedman is affirmed, with costs. All concur.