HARRY GRATTAN, Appellant and Defendant in Error, v. WILLIAM SUEDMEYER et al., Respondents, and EMIL SUEDMEYER, Plaintiff in Error.

Springfield Court of Appeals, June 6, 1910.

1. MASTER AND SERVANT: Injury by a Servant: Rule for Testing Master's Liability. If the servant, in performing the work of the master, injures a person either through malice or negligence the master is liable; but if the servant is not doing the work of the master at the time of the injury, but is at that particular time following his own inclinations aside from his master's work, the master is not liable, and this is the rule by which to test the master's liability.

2. ———: Assault by a Servant Not in Line of Employment. A servant employed in doing concrete work in the basement of a building committed an assault upon a person who came upon the premises. Held, that the assault was not committed in the line of the servant's employment, and the master could not be held responsible for the act.

3. PERSONAL INJURY: Assault. Where A, who is engaged in a fight with B, calls C to his assistance, and C comes up and assaults D who, at the time, was taking no part in the difficulty, A cannot be held liable with C for the assault on D, for C's assault on D was not in response to the call of A.

4. ———: ———: Ratification. A father who keeps his son in his employ, after the son's assault upon another party and who assists in the defence of a suit by the assaulted party against the son, does not by so doing ratify the assault or make himself responsible for damages for the act.

5. PRACTICE: Involuntary Nonsuit, When to be Taken: Demurrer to Evidence. Where a court sustains a demurrer to plaintiff's evidence as to some of the defendants, the plaintiff may then take an involuntary nonsuit as to those defendants. The nonsuit need not be taken immediately; if it is taken any time before the jury retired to consider their verdict, it will be sufficient.

6. INSTRUCTIONS: Personal Injuries: Measure of Damages. In a suit for damages for personal injuries, an instruction on the measure of damages is condemned for the reason that

the recovery for time lost, impairment of future earning capacity and amount expended for medical attention were not limited to such sums as were reasonable, and for the further reason that there was no evidence showing the value of these items.

7. **EVIDENCE:** Personal Injuries: Assault on Plaintiff. In a suit for damages for personal injuries received in an assault by defendant upon plaintiff, it was held proper to admit in evidence what was said and done as a part of the alleged difficulty, and what took place on the premises immediately preceding the difficulty; but it was improper to admit evidence as to plaintiff's connection with a labor union

Appeal from Butler Circuit Court.—*Hon Jesse A. Mc-Donald,* Judge.

REVERSED AND REMANDED.

*J. R. Nicholson* and *C. J. Anderson* for appellant and defendant in error.

(1) The court erred in refusing to submit the question of liability on the part of William Suedmeyer, Sr., and William Suedmeyer, Jr., to the jury. Canfield v. Railroad, 59 Mo. App. 354; Carrigan v. Duenckel, 50 Mo. 104; Perkins v. Railroad, 55 Mo. 201; Eckert v. Transfer Co., 2 Mo. App. 36; Heahl v. Railroad, 119 Mo. 325; Collette v. Rebori, 107 Mo. App. 711; Greer v. Bank, 128 Mo. 559. (2) The court erred in refusing to permit plaintiff to take an involuntary nonsuit. This should be allowed at any time before final submission to the jury. Wood v. Nortman, 85 Mo. 298; Templeton v. Wolf, 19 Mo. 101; Lawrence v. Sheve, 26 Mo. 492; Revised Statutes 1899, sec. 639.

*Perry Post Taylor* and *Emil Mayer* for respondents and plaintiff in error.

(1) Although there was not a particle of evidence as to the value of plaintiff's loss of time or as to his earning capacity, yet the jury was instructed to take

into consideration "the amount and value of time lost by plaintiff." This was error. Davidson v. Transit Co., 211 Mo. 320; Stoetzle v. Sweringen, 96 Mo. App. 592; Moellmann v. Lumber Co., 114 S. W. 1026; Mammerberg v. Street Ry., 62 Mo. App. 568. (2) There was no evidence that plaintiff had expended any money for nursing or of the value of such nursing, or for medicines. To instruct the jury to take those items into consideration was erroneous. Heidbrinck v. Railway, 113 S. W. 224; Howard v. Railroad, 110 Mo. App. 582; Knight v. Kansas City, 113 Mo. App. 565. (3) Emil Suedmeyer, when he struck the blow and caused injury to the appellant, was not acting within the scope of his employment, therefore his employer, William Suedmeyer, Sr., is not liable for the act. Collette v. Rebori, 107 Mo. App. 711; Snyder v. Railroad, 60 Mo. 419; Jackson v. Railroad, 87 Mo. 423; Haehl v. Railroad, 119 Mo. 339; Hardeman v. Williams, 10 L. R. A. (N. S.) 653; 26 Cyc. 1539; Anderson v. Diaz (Ark.), 92 S. W. 861; Farber v. Railroad, 32 Mo. App. 381; Hartman v. Muehlebach, 64 Mo. App. 575. (4) No error was committed by the court in refusing to permit the plaintiff to take a nonsuit as to the defendants, William, Sr., and William, Jr., at the time they first asked such leave. Lawrence v. Shreve, 26 Mo. 493; Publishing Co. v. Gorden, 173 Mo. 139, 73 S. W. 156; McLean v. Stuve, 15 Mo. App. 320.

STATEMENT.—Action for damages for personal injuries resulting from an assault charged to have been made upon plaintiff by defendant, Emil Suedmeyer. As to the other defendants it is charged that defendant, William Suedmeyer, Sr., was engaged in building construction on the premises known as 20th and Newhouse streets in the city of St. Louis. That on the day of the alleged injury, William, Sr., was absent and left the work in charge of William, Jr. That William, Jr., pre-

cipitated a fight and then called defendant, Emil, to come to his assistance, and that he did come, and as-saulted, beat and wounded plaintiff. That William, Sr., afterward ratified these acts of William, Jr., and Emil by retaining them in his employ and assisting them in their defense of this action. The answer of William, Sr., and Emil was a general denial and plea of self-defense. The answer of William, Jr., was a general denial. Trial by jury, and at the close of plaintiff's testimony defendants, William, Sr., and William, Jr., asked an instruction in the nature of a demurrer to the testimony which the court announced would be given, and stated to the jury that plaintiff could not recover against them, and directed the trial to proceed against Emil, which was done. Plaintiff excepted to the action of the court in giving the instruction in the nature of a demurrer as to defendants, William, Sr., and William, Jr., and after the evidence was all in, and while one of plaintiff's attorneys was making the opening argument to the jury, another of plaintiff's attorneys filed a written motion and asked leave to take a nonsuit as to the two defendants, William, Sr., and William, Jr., with leave to move to set the same aside. This was refused and exception saved. Verdict was returned in favor of plaintiff and against defendant Emil Suedmeyer, and damages assessed at $500, and by direction of the court verdict in favor of defendants William, Sr., and William, Jr.

Plaintiff has appealed from the action of the court in giving the peremptory instruction and in denying him the right to take an involuntary nonsuit as to the two defendants aforesaid, and defendant Emil sued out a writ of error.

These two cases were heard together and will be considered together. The evidence discloses that William Suedmeyer, Sr., is the father of William, Jr., and Emil. That William, Sr., had the contract to do the concrete work on a building at Twentieth and New-

house streets, St. Louis, and he and his two sons were performing the labor. They were non-union men, and plaintiff and one Fitzgerald, representing labor organizations, visited the house where this work was being done on the day of the alleged assault. That Fitzgerald's purpose was to take steps to prevent non-union men working on the concrete work, and that plaintiff merely accompanied Fitzgerald. Fitzgerald had talked with William, Jr., in the basement of the building and at the time of the trouble was in the yard talking to the contractor. William, Jr., came out and he and Fitzgerald got into a fight. That William, Jr., called to his brother Emil to come to his assistance; he did so and struck plaintiff and inflicted serious injury upon him. The evidence as to the details of the fight is conflicting. Plaintiff and Fitzgerald contending that defendants, William, Jr., and Emil were the aggressors, and defendants contending that they acted in self-defense. Plaintiff testified that he was taking no part in the fight, but was merely looking on when Emil struck him.

COX, J.—The plaintiff assigns as error the action of the court in directing a verdict in favor of defendants William Suedmeyer, Sr., and William, Jr., and in refusing plaintiff permission to take a nonsuit.

The striking of plaintiff was by Emil Suedmeyer and the theory upon which plaintiff seeks to hold the other defendants responsible therefor is that he was at the time their servant; William, Sr., being the employer and William, Jr., being at the time the foreman in charge of the work.

If the servant, in performing the work of the master, injures a person, either through malice or negligence, the master is liable, but if the servant is not doing the work of the master at the time of the injury, but is, at that particular time, following his own inclinations aside from his master's work, the master is

not liable, and this is the rule by which to test the master's liability. [Gerretson v. Dunckel, 50 Mo. 104; Canfield v. C. R. I. & P. R. R., 59 Mo. App. 354; Collette v. Rebori, 107 Mo. App. 711, 82 S. W. 552; Heahl v. Wabash R. R., 119 Mo. 325, 24 S. W. 737.] In Garretson v. Dunckel the court said, "In determining whether a particular act is done in the course of a servant's employment it is proper first to inquire whether the servant was at the time engaged in serving his master. If the act was done while the servant was at liberty from his services and pursuing his own ends exclusively, there can be no question that the master is not responsible." The work of Emil, who struck and injured plaintiff, was to assist in placing concrete work in the basement of the building. He was not instructed to remove or punish persons who might come upon the premises and his act in assaulting plaintiff had no connection whatever with his duties as a laborer in the concrete work. It is clear that neither William, Sr., nor William, Jr., could be held responsible for the act of Emil, on the ground that he was employed by them and committed the assault in the line of his employment.

It is contended that William, Jr., is liable because he called Emil and was directly responsible for the assault in that way. This position is also untenable. At the time the call was made William, Jr., and Fitzgerald were engaged in a difficulty, and the most that can be made out of this call to Emil is that he was asking Emil to assist him in the difficulty with Fitzgerald, and if plaintiff's testimony is to be believed, he, the plaintiff, was at that time taking no part in the difficulty, but was a mere onlooker, and if under these circumstances Emil turned aside and assaulted plaintiff, he must have done so of his own volition, and not in response to the call of his brother.

It is further contended that defendant, William, Sr., should be held responsible because he has ratified

the act by continuing defendant, Emil, in his employ, and assisting him in the defense of this action. Can it be said that a father is to be held responsible for the tort of his son because he refused, on receiving notice of his son's act, to discard him, but continues to treat him as a father should treat a son? Such a proposition is too monstrous to be for a moment countenanced in a court of justice.

The action of the court in giving the peremptory instruction in favor of defendants, William Suedmeyer, Sr., and William, Jr., was correct.

Should the court have permitted plaintiff to take a nonsuit with leave as asked by him? The statute, section 639, Revised Statutes 1899, provides: "That the plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court and not afterwards." We understand this statute to mean that a nonsuit may be taken by plaintiff at any time before the jury retire to consider the verdict, or before the issues of fact are submitted to the court for determination. An involuntary nonsuit is one that is taken by reason of some adverse ruling of the court which prevents a recovery by plaintiff, and when a demurrer to the testimony is sustained the plaintiff cannot usually know what the action of the court will be until the instruction or demurrer, as the case may be, is passed on, and, hence, would have no occasion to take a nonsuit until that time, and the fact that nonsuit is not taken immediately, so it is taken before the jury retire should make no difference. [Templeton v. Wolf, 19 Mo. 101; Lawrence v. Sheve, 26 Mo. 492; Lawyers Co-operative Publishing Co. v. Gordon, 173 Mo. 139, 73 S. W. 155.]

But it may be said that if the demurrer to the testimony was properly sustained a nonsuit would be of no avail. The very purpose of taking a nonsuit is to put the plaintiff in a position to bring another ac-

tion should he wish to do so, and it may be that upon another trial he will be able to furnish more proof. The action of the court, in refusing to permit plaintiff to take a nonsuit as to two defendants, was erroneous, and for that reason the judgment on the verdict in favor of defendants, William, Sr., and William, Jr., will be reversed and the cause remanded.

Defendant, Emil Suedmeyer, against whom judgment was rendered for $500, assigns as error the giving and refusing instructions and admission of incompetent testimony. The instructions given were well enough, except one as to the measure of damages. This instruction is as follows:

"The jury is further instructed if your verdict is in favor of the plaintiff, then in assessing his damages you should take into consideration:

"(1). The nature, character and extent of such injuries, if any.

"(2). The pain of body and mind, if any, which he has suffered from said injuries.

"(3). The impairment of body and mind, if any, which plaintiff is reasonably certain to suffer in the future therefrom.

"(4). The amount and value of time, if any, lost by plaintiff in consequence of said injuries.

"(5). The impairment, if any, of his future earning capacity caused by such injuries.

"(6). The money expended for nursing, medical attendance and medicine, if any, by plaintiff on account of said injuries."

This instruction was technically correct, except that sections 4, 5 and 6 should have limited the amounts to such sums as were reasonable. [Davidson v. Traction Co., 211 Mo. 320, 109 So. 583; Stoetzle v. Sweringen, 96 Mo. App. 592, 70 S. W. 911.] This instruction was erroneous for the further reason that there was no evidence upon which to base it as to sections 4, 5 and 6. To warrant a recovery for these items the proof

must show their value, cases cited supra; [Moellman v. Lumber Co., 114 S. W. 1023; Heidbrinck v. United Railways Co., 113 S. W. 223; Slaughter v. Metropolitan Street Ry. Co., 116 Mo. 269, 23 S. W. 760.]

The evidence as to the connection of plaintiff and Fitzgerald with the labor organization, and their authority to represent them should have been excluded. What was said and done as a part of the alleged difficulty, or what took place on the premises immediately preceding the difficulty was properly admitted by reason of its bearing upon the cause of the trouble, but all other testimony in relation to the labor union or the parties connected therewith, should have been excluded.

For the errors noted the judgment against Emil Suedmeyer will be reversed and the cause remanded. All concur.