## JAMES C. HALE v. W. ARTHUR ATKINS.

Springfield Court of Appeals, December 7, 1923.

1. **PHYSICIANS AND SURGEONS:** Liability for Negligence. A physician is not liable for the negligence of a nurse in the absence of a showing that the nurse was his employee.

2. ————: Care of Unconscious Persons. Ordinary care requires that those intrusted with the care of unconscious persons shall take great precaution to see that no injury occurs.

3. ————: Negligence of Physician Held for Jury. In an action against physician for injuries sustained from hot water bottle in bed in which plaintiff was placed while unconscious immediately after operation, the question of whether the physician negligently placed plaintiff in the bed was for the jury to determine.

4. **DAMAGES:** Instruction Held not Warranted by Evidence. In personal injury action, in which plaintiff's own testimony tended to show that he was working at the time of the trial, and had made large strides toward recovery, and there was no proof that he would not fully recover, an instruction, submitting question of damages for permanent injury, was not warranted.

(380)

5. **TRIAL: Instruction Held Harmless in View of Other Instructions.** In personal injury action, instruction, submitting question of damages for personal injuries, *held* harmless, in view of other instructions charging jury not to allow anything for permanent injuries in estimating damages.

6. **DAMAGES: Instruction Held not Warranted.** In personal injury action, evidence *held* not to warrant instruction submitting question of damages for loss of time.

7. ————: **Value of Time not Shown.** In personal injury cases, it is error to permit plaintiff to recover damages for loss of time without some evidence of the value of the time.

Appeal from the Circuit Court of Webster County.— *Hon. C. H. Skinker*, Judge.

REVERSED AND REMANDED.

*Seth V. Conrad* and *Hamlin & Hamlin* for appellant.

*Moore, Barrett & Moore* and *J. E. Haymes* for respondent.

FARRINGTON, J.—Plaintiff recovered a judgment in the trial court. The defendant appeals and assigns as error, first, that the demurrer to the evidence should have been sustained; second, error in instructions, and third, excessive amount awarded by the jury in the verdict.

The defendant is a physician residing in Rogersville, Mo. In connection with his practice he runs a private hospital, consisting of rooms fitted up with beds and equipment for his sick patients. His wife and an assistant attend to the hospital. They are not nurses, and the defendant does not employ graduate or regular nurses, and does not agree to furnish same to his patients who stay in his hospital.

The plaintiff, residing on a farm, called for the defendant to render medical services. The defendant informed him that he had appendicitis and that an operation should be performed, and advised him to go to his hospital or some other one and have it done. The evidence makes it clear that he told the plaintiff, his wife and father, who were present, that he furnished no nurses but that he should have one and that he thought one would cost from $25 to $40 a week. He also told him that he should have an assistant doctor in performing the operation. After talking it over plaintiff asked him to secure the services of Dr. Delzell in Springfield and to get a graduate nurse in Springfield to come down and nurse him. Defendant came to Springfield, saw Dr. Delzell and asked him to recommend a competent graduate nurse. He suggested a Miss Swinney, whom the defendant saw, and as a result he took her to Rogersville and the defendant and Dr. Delzell performed the operation. The evidence clearly shows that Miss Swinney was not furnished by the defendant, but that he exercised reasonable care in selecting her at the request of the plaintiff.

When the nurse arrived at the hospital she directed defendant's wife to prepare the bed for the plaintiff to be laid in after the operation, and instructed her to heat the bed by putting hot water bottles (rubber) in same. As a result the defendant's wife placed two hot water bottles in the bed. After the operation was performed the plaintiff was taken from the operating room by the defendant and while still unconscious from the anesthetic he was placed in the bed which had been prepared. Several hours afterwards, when the plaintiff became conscious, he complained of his foot burning and the nurse found a hot water bottle against his ankle and foot, and there was a severe burn.

The defendant swore that he saw one hot water bottle when he laid plaintiff on the bed, which he threw off, and that the bed was clear when he laid plaintiff

down and covered him up. The nurse testified that she did not go with plaintiff when he was placed in the bed but that she remained in the operating room and cleaned and attended to the instruments which had been used in the operation, and that when she did go to the plaintiff he was unconscious and that she placed no hot water bottle against him and did not know that one was there until plaintiff complained.

Appellant claims that it being shown that the nurse was not an employee of his, he cannot be held for her negligence, and in this we agree with him. The petition, however, charges, and the evidence shows, that he was employed to perform the operation and attend to and care for him in his hospital during this operation and during the illness which followed. The petition further charges that while unconscious from the operation the defendant laid him upon the hot water bottle in the bed and that as a result of such negligence the plaintiff was injured. The following facts are clearly shown or admitted: Two hot water bottles were placed in the bed in which plaintiff was laid, only one of them was taken out by the defendant when he placed plaintiff in the bed; shortly thereafter the plaintiff was severely burned by a hot water bottle in the bed. This furnishes the basis for an inference that one was left in the bed when defendant placed plaintiff there, and if he did, it certainly leaves it a question for the jury to say whether he was negligent or not. True it is the defendant testified that when he took out the one he saw on the bed there was no more left, and that when the plaintiff was placed in the bed it was entirely clear. So defendant's wife, who placed them in the bed, says that she went to see if they were out as they were taking plaintiff from the operating room; but it was for the jury to decide whether defendant's explanation exonerated him. The jury evidently did not believe that this bottle which burned plaintiff was removed from the bed when defendant laid him down. Ordinary care requires that those

entrusted with the care of unconscious persons shall take great precaution to see that no injury occurs.

We hold that under the evidence of this case it should go to the jury to decide whether the defendant negligently placed plaintiff in a bed in which there was a hot water bottle. Cases such as Reynolds v. Smith, 148 Iowa, 264, 127 N. W. 192, and Harris v. Fall, 177 Fed. 70, holding that a physician is not responsible for the negligence of a nurse over whom he has no control and for hospital internes and attendants are not in point here. It is his own act in placing the plaintiff, while unconscious, in a bed in which there was a hot water bottle that burned him, that he is charged with. The trial court properly ruled that plaintiff made a sufficient case to overrule defendant's demurrer to the evidence.

The next assignment goes to the question of the instruction on the measure of damages. It is contended, first, that there is no evidence upon which could be submitted damages for permanent injury. The petition charges a permanent injury and plaintiff's main instruction required the jury to find that there was a permanent injury along with the other injuries complained of. The evidence to our minds falls short of showing that the injury was a permanent one. The plaintiff's own testimony tends to show that he is back at work, and while at times the ankle swells and annoys him, it has made large strides toward recovery and there is no proof that he will not fully recover.

The respondent answers this assignment by pointing to instruction No. 2, which is the instruction on the measure of damages, and in which it is shown that the jury were not to take into consideration anything for permanent injury in estimating the damages. It does tell them to consider future suffering but does not permit them to consider permanent injury. Respondent points out cases making a distinction between permanent injury and future suffering, such as Cobby v. Thompson, 207 S. W. 73. We agree with respondent that the

error in incorporating permanent injuries in the main instruction was rendered harmless by instruction No. 2.

It is next contended that it was error to incorporate in respondent's second instruction the element of loss of time, and on this contention we hold with appellant. It is doubtful whether the allegation in the petition is sufficient to submit the issue of damages for loss of time, yet admitting that the petition is sufficient under this sole allegation, "and has been wholly unable to attend to his duties as a farmer and is only able to perform a small proportion thereof," the evidence fails to show, with any degree of certainty, facts from which a jury could estimate the damages for loss of time. The evidence of plaintiff on this question is that ten days prior to his burn he had entered into some special contract with a landowner owning a farm of eighty acres, that he was keeping some seven or eight head of milk cows, three head of horses and some hogs, and that under this contract he was "on the halves," which he says meant that he was to get half of what was produced from the dairy business. He also testified that his brother and father had done his work for him during the time he was laid up with the burned foot. It will be noted that this is a special contract which the plaintiff had and one requiring evidence from which a jury could, with a reasonable degree of certainty, estimate the loss of his time in this particular business. There are some instances, such as daily labor wages, that are so well and commonly known that a jury will be presumed to know without proof, but certainly it would not be within the common knowledge of any one to know what the plaintiff would make or lose under this contract which he testified to. There is no allegation or proof that he paid his father and brother, or expected to pay them anything for helping him out while he was sick. In personal injury cases it is error to permit a plaintiff to recover damages for loss of time without the introduction of some evidence of the value of the time. There is a long line of cases

215 Mo. App.—25   o

supporting this rule in this State.    [See Stoetzle v. Sweringen, 96 Mo. App. 592, 70 S. W. 911; Paquin v. Railway, 90 Mo. App. 118; Coontz v. Railway, 115 Mo. 669, 22 S. W. 572; Slaughter v. St. Ry. Co., 116 Mo. 269, 23 S. W. 760.]

For the above error the judgment must be reversed and the cause remanded.    On a retrial the plaintiff, if he desires, should more definitely fix the loss of time, and certainly should offer some evidence of a definite character showing what the loss of time amounted to, from which a jury could form an estimate of what the damage is.    The judgment is reversed and the cause remanded.    *Cox, P. J.,* and *Bradley, J.,* concur.