GUS GLANDT, APPELLEE, V. PASQUALE RICCERI, APPELLANT.

FILED APRIL 22, 1932. No. 28029.

*Battelle, Travis & Strehlow,* for appellant.

*Bryce Crawford, Jr., contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

EBERLY, J.

This is an action for personal injuries suffered by the plaintiff and charged to have been caused by an automobile collision between an automobile driven by the plaintiff with due care and an automobile negligently driven by the defendant. It is a companion case to *Glandt v. Ricceri,* 121 Neb. 878. In that case this court sustained a judgment in favor of Minnie Glandt for injuries caused in the same accident as occasioned by the negligence of the defendant.

We have read the present record with care, and have given due consideration to the contentions of the defendant. The evidence as to the collision, its cause, and the negligence of the defendant are essentially the same as were presented in the companion case. Contributory negligence on the part of plaintiff is not established by the evidence. As to the question of the defendant's negligence being the proximate cause of the accident and of the injuries pleaded by the plaintiff as resulting therefrom, we find no reason to depart from the conclusion stated in the former case. On these questions the case was properly submitted to the jury by the instructions of the court, and their verdict is sustained by the evidence.

We deem the sole question presented by this record is whether the verdict is sustained by the evidence as to the amount of recovery.

The petition of plaintiff sets forth three separate causes of action: (1) For personal injuries sustained by plaintiff whereby his ability to follow his trade had been permanently impaired; (2) that his wife, Minnie Glandt, sustained injuries which wholly destroyed her ability to perform the duties of housewife, whereby plaintiff had been deprived of her services, and had further expended

$394 for medical and hospital expenses for his wife, all to his damage in the sum of $2,500; (3) that plaintiff's automobile had been damaged in this collision in the sum of $100.

The jury returned a verdict for plaintiff on his first cause of action in the sum of $1,000; on the second cause of action in the sum of $1,644; and on the third cause of action in the sum of $100. Judgment was thereupon entered by the trial court for $2,744, the aggregate of said amounts.

A careful consideration of the evidence is convincing that the verdict so far as relating to the first and third causes of action finds ample support therein, and should be sustained.

As to the second cause of action, it may be said that the evidence fairly establishes, if believed, that to a great degree, due to injuries received in this accident by his wife, the plaintiff has been deprived of her services and has suffered damages because of this fact. But the evidence is silent as to the money value of these services, or of any facts from which the value thereof or the amount of plaintiff's damage because of his wife's injuries may be justly inferred, save and except that the expenditure of $394 by plaintiff for and as the reasonable value of the medical and hospital expenses rendered necessary and secured for the wife is amply proved. Solely because of this fact the record discloses a partial failure of proof as to the second cause of action.

The rule applicable to the situation before us is:

"Where, in an action by a husband for expenses for medical attendance for his wife and for loss of services in consequence of a personal injury sustained by the wife, there was no evidence of the value of the loss of services, and the testimony showed the value of medical attendance at a specified sum, the verdict should be limited to the specified sum." *Friedman v. Horn*, 104 N. Y. Supp. 745. See, also, *Houston & T. C. R. Co. v. Roberts*, 201 S. W. (Tex. Civ. App.) 674; *Hale v. Atkins*, 215 Mo. App. 380; 17 C. J. 782.

It follows that the judgment of the district court will be reversed, unless appellee files a remittitur in the sum of $1,250 within 30 days. In case remittitur is filed, judgment in the sum of $1,494 in favor of appellee will be affirmed.

AFFIRMED ON CONDITION.