**A. Ross HIGGINS, Jr., Plaintiff,**

**v.**

**Kenneth MOORE and Dale Carnegie & Associates, Inc., Defendants.**

**Civ. A. No. CO 65–16.**

United States District Court
D. South Carolina,
Columbia Division.

March 2, 1967.

Kneece & Kneece, Columbia, S. C., for plaintiff.

H. Simmons Tate, Jr., Columbia, S. C., for defendant Dale Carnegie & Associates.

## OPINION AND ORDER

DONALD RUSSELL, District Judge.

This suit seeks damages for wrongful seduction against the defendant Kenneth Moore, and the latter's employer, the corporate defendant Dale Carnegie & Associates, Inc. The individual defendant has not been served and is not before the Court.

The corporate defendant earlier moved to dismiss for failure to state a cause of action against it. After finding that the complaint set forth "two possible theories of liability" against the employer defendant, one based on the rule of *respondeat superior* and the other for negligence "either in condoning the actions of the defendant Moore (who, it was alleged, was guilty of the seduction for which damages were sought) or in selecting him as its employee", Honorable Charles E. Simons, Jr., District Judge, sustained the motion to dismiss as to any claim under the principle of *respondeat superior* but held that the complaint sufficiently alleged in paragraph 14 thereof a cause of action against the corporate defendant "under a theory of negligence".

After the entry of this order, the corporate defendant filed an interrogatory requiring the plaintiff to state the evidence upon which he expected to rely under the allegations of his paragraph 14 to establish negligence by the corporate defendant in the employment of Moore. In answer, the plaintiff stated that he relied upon the retention of Moore in the corporate defendant's employ "after it was assumed that" from "late summer or early September 1964" it knew that Moore "was guilty of the acts alleged" (which was the date of the filing of this action) and upon the fact that the corporate defendant knew Moore "was separated from his wife" at the time he undertook his duties in Columbia, where the alleged seduction occurred. By way of response to another interrogatory dealing with the question of condonation, the plaintiff repeated his claim that the retention in employment of Moore "after knowledge of the immoral acts (on which the action was based) had been communicated to the defendant employer" through the filing of this action.

The corporate defendant, relying on these replies to its interrogatories as well as the record generally, has now moved for summary judgment in its favor under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

The scope of Rule 56, in motions of this character was delineated in Berry v. Atlantic Coast Line Railroad Company (C.C.A.S.C.1960) 273 F.2d 572, 581–582, in these words:

"Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that summary judgment shall be rendered if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Applying that rule in this case, I am of the opinion that the motion for summary judgment should be granted. Under the only theory of liability remaining open to him, in view of Judge Simons' earlier order herein, it would be necessary for the plaintiff to show that the corporate defendant knew or should have known of the propensity of its co-defendant to commit an unlawful act of the general character of that set forth in the complaint. Bradley v. Stevens (1951) 329 Mich. 556, 46 N.W.2d 382, 34 A.L.R.2d 367, with annotation.

■ By his answer to defendant's interrogatories, the plaintiff relies for such proof upon the fact that the corporate defendant knew or should have known that its employee Moore was separated from his wife. To assume that merely because one is separated from his wife, he is a person of immoral propensity as charged in the complaint so as to create legal responsibility by his employer for a seduction committed completely outside the scope of his employment, in my judgment, is not warranted. Such an assumption, if valid, would be equally applicable if the employee were divorced. If adopted, it would create an employment disqualification of some degree for every individual who might be either separated from his spouse or divorced. A theory of liability based upon such a false assumption would create a wholly unwarranted embarrassment for all such persons.

■■ Nor does the fact that the corporate defendant may have retained its co-defendant in its employ constitute such ratification of its co-defendant's alleged conduct in this case as to create liability on the part of the corporate defendant. The law of South Carolina and the law generally limit the application of the principle of ratification to delicts committed within the scope of the employee's employment. Knight v. Laurens Motor Car Co. (1917) 108 S.C. 179, 93 S.E. 869, L.R.A.1918B, 151; Annotation, 34 A.L.R.2d 381–383.

The motion for summary judgment is accordingly granted, and

It is so ordered.