Betsy A. JENNINGS and William H. Jennings, Plaintiffs,

v.

Ilus W. DAVIS, former Mayor of Kansas City, etc., Defendants.

No. 19874-4.

United States District Court, W. D. Missouri, W. D.

March 14, 1972.

Philip C. Ehli, Ben E. Pener, Kansas City, Mo., for plaintiffs.

David H. Clark, Geo. E. Leonard, Manfred Maier, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER DISMISSING CAUSE AS TO CERTAIN DEFENDANTS

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motions to dismiss of defendants Davis, Kelly, Gilmore, Willits, Wells and Kelley filed pursuant to Rule 12, F.R.Civ.P. Plaintiffs have submitted suggestions in opposition to these pending motions and the Court deems the matter fully submitted.

Basically, this is an action under the Civil Rights Act, 42 U.S.C. § 1983, and the common law of Missouri brought by plaintiff Betsy A. Jennings and her husband for alleged violations of the constitutionally-protected and common law rights of Betsy Jennings when defendants Lewis and Carr, two Kansas City, Missouri Police Officers, "humiliated, frightened and intimidated" her by "talking, bragging and ridiculing the behavior of traffic violators they had arrested" and when defendant Noffke, a civilian employee of the Kansas City Police Department, "did . . . unlawfully commit an assault and battery upon the person of the plaintiff and engaged in an unlawful search and seizure of her person and property." Incorporating these factual averments as a basis for their cause of action, plaintiffs frame their complaint in five counts, as follows: Count I seeks recovery under the provisions of 42 U.S.C. § 1983 for the alleged violation of plaintiff Betsy Jennings' rights under the Constitution of the United States; Count II seeks recovery for the husband for an alleged loss of consortium as a result of the violation of her constitutional rights; Count III seeks punitive damages and attorney fees for the alleged misconduct when her constitutional rights were violated; Count IV seeks to invoke the pendent jurisdiction of this Court to present a common law tort claim; and Count V seeks recovery for the husband under the common law claim for loss of consortium. Recovery is sought solely on a theory of respondeat superior or ratification as against defendant Ilus W. Davis, former mayor of the City of Kansas City, Missouri and ex officio member of the Board of Police Commissioners; Joseph J. Kelly, President of the Board of Police Commissioners; D. W. Gilmore, Vice-President of the Board of Police Commissioners; Robert W. Willits, Treasurer of the Board of Police Com-

missioners; and Clarence M. Kelley, Chief of the Kansas City, Missouri Police Department. There is no allegation in plaintiffs' complaint that these defendants personally participated in the occurrence of November 20, 1969, or that they personally ordered or directed the acts mentioned in the complaint, or that they had any personal knowledge of the events relating to or leading up to that occurrence.

Plaintiffs' claims against defendants Davis, Kelly, Gilmore, Willits, Wells and Kelley under the provisions of 42 U.S.C. § 1983 should and will be dismissed for failure to state a claim upon which relief can be granted. Where the relief sought under the Civil Rights Act is monetary damages, rather than equitable relief, the doctrine of respondeat superior is not available to impose vicarious liability upon a defendant who has no personal involvement in the alleged deprivation of plaintiff's federally-protected rights. Adams v. Pate, 445 F.2d 105 (7th Cir. 1971); Kish v. County of Milwaukee, 441 F.2d 901, 905 (7th Cir. 1971); Anderson v. Nosser, 438 F.2d 183, 199 at n. 13 (5th Cir. 1971); Dunham v. Crosby, 435 F.2d 1177, 1180 (1st Cir. 1970); Barrows v. Faulkner, 327 F. Supp. 1190 (N.D.Okl.1971); Nugent v. Sheppard, 318 F.Supp. 314, 315 (N.D. Ind.1970); Sandberg v. Daley, 306 F. Supp. 277 (N.D.Ill.1969); Roberts v. Williams, 302 F.Supp. 972, 987 (N.D. Miss.1969); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969); Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky.1968); Jordan v. Kelly, 223 F.Supp. 731, 737 (W.D.Mo.1963). Rather, in order for there to exist liability for monetary damages under the Civil Rights Act, there must be a showing that the defendant personally and directly participated in the acts which were allegedly violative of plaintiff's rights under federal law. Such involvement, either direct or indirect, is not indicated by the allegations of plaintiffs in their complaint. Further, by merely continuing to employ defendants Lewis, Carr, and Noffke and nothing more, these defendants did not, as a matter of law, ratify the allegedly wrongful conduct. Chaney v. Frigidaire Corp., 31 F.2d 977 (5th Cir. 1929); Higgins v. Moore, 264 F.Supp. 635 (D.S.C. 1967); Urabazo v. Humpty Dumpty Supermarkets, 463 P.2d 352 (Okla.App. 1969); Mallory v. O'Neil, 69 So.2d 313 (Fla.1954); Grattan v. Suedmeyer, 144 Mo.App. 719, 129 S.W. 1038 (Mo.Ct. App.1910); Annot., 34 A.L.R.2d 372, 381 (1954).

There remains for determination plaintiffs' contention that this Court should entertain Counts IV and V of their complaint, absent a federal question and diversity of citizenship, under the doctrine of "pendent jurisdiction." With the dismissal of Counts I, II, and III as to defendants Davis, Kelly, Gilmore, Willits, Wells, and Kelley, the only claims remaining in this cause against these particular defendants are the state-based common law claims set forth in Counts IV and V. No independent basis for federal jurisdiction as to these remaining claims appears from the pleadings and plaintiffs present them to this Court solely upon their theory of "Pendent Jurisdiction."

The nature of the doctrine of pendent jurisdiction has been explained by the United States Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

"That power [to entertain claims under pendent jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

*Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."* (emphasis added, citations omitted).

And, while the doctrine of pendent jurisdiction permits the joinder of federal and non-federal claims which arise out of a common nucleus of operative fact, it does not permit joinder of parties against whom no federal claim is made or can be supported. Barrows v. Faulkner, 327 F.Supp. 1190, 1191 (N.D.Okl. 1971). Thus, since there appears no independent basis of federal jurisdiction the the maintenance of Counts IV and V against defendants Davis, Kelly, Gilmore, Willits, and Kelley, those claims should also be dismissed.

Accordingly, for the reasons stated above, the above-styled cause is hereby dismissed as to defendants Ilus W. Davis, Joseph J. Kelly, D. W. Gilmore, Robert W. Willits, and Clarence M. Kelley.

It is so ordered.